**FILED**



**10:57 am, 5/1/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOSHUA ANDERS,<br><br>*Plaintiff,*<br><br>v.<br><br>FME EMPLOYMENT LLC, a Wyoming<br><br>limited liability company;<br><br>RYAN DANIEL, individually; and VIKTOR<br><br>VYUSHIN, individually,<br><br>*Defendants.* | **Civil Action No. 2:26-cv-00136-KHR** |

**PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

**OF PROCESS ON DEFENDANT VIKTOR VYUSHIN PURSUANT TO**

**FED. R. CIV. P. 4(e)(1)**

**AND DECLARATION OF JOSHUA ANDERS IN SUPPORT THEREOF**

Plaintiff Joshua Anders, appearing pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 4(e)(1) for leave to effect alternative service of process on Defendant Viktor Vyushin by simultaneous transmission of the Summons, Complaint, and all exhibits thereto to (1) his known and documented email address, viktor@fountainheadme.com, and (2) his LinkedIn account, to which Plaintiff is directly connected. Plaintiff has made diligent and documented efforts to serve Vyushin through conventional means at two separate physical addresses and has been unable to complete service. As set forth below, the proposed alternative methods are reasonably calculated to provide Vyushin with actual notice of this action.

## I. BACKGROUND

This action arises from Defendants' failure to pay Plaintiff his earned wages following his termination as a Senior Engineer of FME Employment LLC on August 12, 2024. Defendant Viktor Vyushin is identified in the Employment Agreement as a director of FME and the designated "middle manager" with authority to approve overtime, and he originated and transmitted both the Employment Agreement and the Agreement and Release to Plaintiff via DocuSign from his personal account at viktor@fountainheadme.com. The Complaint alleges that Vyushin knowingly participated in a scheme to fraudulently induce Plaintiff to sign the Release Agreement by transmitting a document promising payment that Defendants never intended to honor. Vyushin is sued individually as an "employer" under the FLSA, 29 U.S.C. § 203(d).

Defendant FME Employment LLC has been served through its registered agent. Plaintiff has made extensive efforts to personally serve Vyushin at two separate addresses and has been unable to complete service at either location, as detailed below.

## II. DILIGENT ATTEMPTS AT CONVENTIONAL SERVICE

### A. First Attempt: 23311 West Paloma Blanca Drive, Malibu, California 90265

The address 23311 West Paloma Blanca Drive, Malibu, California 90265 was identified as Vyushin's address of record through the DocuSign Certificate of Completion for the Employment Agreement (Exhibit C to the Complaint), which lists this address as Vyushin's location and was generated in the ordinary course of the DocuSign signing process on April 22, 2024.

On April 25, 2026, process server Kyle Gridley attempted personal service at this address. The server reported that the house had burned down. The Proof of Non-Service dated April 27, 2026, reflecting this attempt, has been filed with the Court. See ECF No. 6. The Malibu area

experienced significant wildfire activity in early 2025, consistent with the property's destruction. Plaintiff has not been able to identify a current residential address for Vyushin through conventional records at this location.

**B. Second Attempt: 310 Grant Avenue, Palo Alto, California 94306**

Following the failure of the first attempt, Plaintiff engaged One Source Process to conduct a skip trace investigation to identify Vyushin's current residential address. The skip trace identified 310 Grant Avenue, Palo Alto, California 94306 as a potential current address for Defendant Vyushin.

On April 29, 2026, process server Jonathan Romeyn made two separate attempts at this address. On April 29, 2026 at 8:15 PM, there was no answer at the address, and the server spoke with a neighbor who stated that Vyushin was not a resident. On April 30, 2026 at 8:52 AM, there was again no answer, and the server spoke with two separate neighbors, both of whom confirmed that Vyushin was not a resident and one of whom did not recognize his name. The Proof of Non-Service dated April 30, 2026, reflecting these attempts, has been filed with the Court. See ECF No. 9.

Plaintiff has now exhausted the physical addresses available through both the case record and independent skip trace investigation. Despite diligent efforts, Plaintiff has been unable to locate a valid current residential address for Defendant Vyushin.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Wyoming Rule of Civil Procedure

4(e) provides that when service cannot with reasonable diligence be accomplished by other means, the court may order service by such method as is reasonably calculated to give actual notice. Similarly, courts within the Tenth Circuit have broad discretion to authorize alternative means of service where conventional service has proven impractical and the proposed alternative is reasonably calculated to provide actual notice. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (email service appropriate where defendant "had been conducting all his affairs by email"); see also Snyder v. Fantasy Interactive, Inc., No. 11 Civ. 3965, 2012 WL 12864 (S.D.N.Y. Jan. 3, 2012) (authorizing service via LinkedIn where defendant was an active user).

The core inquiry is whether the proposed method is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Courts have increasingly recognized that electronic service via email and professional social media platforms satisfies this standard where, as here, there is documented evidence of the defendant's active use of those channels.

## IV. ARGUMENT

### A. Plaintiff Has Made Diligent Efforts to Effect Conventional Service

Plaintiff has attempted service at two separate physical addresses identified through the case record and professional skip trace investigation. Both attempts have been unsuccessful. The first address, derived directly from Vyushin's own DocuSign account records filed as a court exhibit, no longer exists as a residence due to apparent fire destruction. The second address, identified through professional skip trace, was confirmed by multiple neighbors to not be

Vyushin's residence. These documented, good-faith efforts establish the diligence required before alternative service may be authorized.

**B. Email Service to viktor@fountainheadme.com Is Reasonably Calculated to Provide Actual Notice**

The email address viktor@fountainheadme.com is not merely an address discovered through investigation - it is the very address from which Vyushin conducted the transactions at issue in this lawsuit. The DocuSign Certificate of Completion for the Employment Agreement (Exhibit C to the Complaint) reflects that Vyushin originated the DocuSign envelope on April 22, 2024, from this email address, listing it as his account address. The DocuSign Certificate of Completion for the Agreement and Release (Exhibit D to the Complaint) similarly reflects that Vyushin originated that envelope on August 12, 2024 - the day of Plaintiff's termination - from the same address, with a recorded IP address of 76.132.193.60.

This is not a dormant or abandoned address. Vyushin used it as recently as August 2024 to conduct business directly relevant to this litigation. There is every reason to believe that service at this address would reach him. See Rio Properties, 284 F.3d at 1017 (email service appropriate where it was the defendant's "preferred means of communication").

**C. LinkedIn Service Is Independently Sufficient and Strongly Corroborates Actual Notice**

Defendant Vyushin maintains an active, verified LinkedIn profile under his own name, on which he identifies himself as "Director of Operations at EHVA.AI" - the entity through which FME conducted its business and with which Plaintiff's work email (josh@ehva.ai) was associated, as alleged in the Complaint. Plaintiff is a first-degree connection with Vyushin on LinkedIn,

meaning Plaintiff can send him a direct message without a connection request, which Vyushin would receive directly in his LinkedIn inbox.

Critically, Vyushin is not merely maintaining a dormant profile. As recently as April 30, 2026 - one day before the filing of this Motion - Vyushin commented on a post by the Chief Revenue Officer of EHVA.AI announcing a partnership between EHVA.AI and Stayntouch. A true and correct screenshot of this activity, captured on May 1, 2026, is attached hereto as Exhibit 1. This demonstrates that Vyushin actively monitors and uses his LinkedIn account and would receive and review a message sent through that platform.

Courts have authorized LinkedIn service in analogous circumstances. See FTC v. PCCare247 Inc., No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing service via email and Facebook where defendants were active users); Whoshere, Inc. v. Gokhan, No. 1:13-cv-00526, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (authorizing LinkedIn service where defendant maintained active account). The rationale underlying these decisions applies with full force here: Vyushin is demonstrably present and active on LinkedIn, he is connected to Plaintiff, and service through that channel is virtually certain to reach him.

**D. Simultaneous Service by Both Methods Ensures Actual Notice**

Plaintiff proposes to effect service by both methods simultaneously - email to viktor@fountainheadme.com and LinkedIn direct message - attaching the Summons, Complaint, and all exhibits to the email and including a link to the court filing in the LinkedIn message. Serving through both channels simultaneously eliminates any possibility that Vyushin could claim non-receipt through either channel alone, and underscores the good faith of Plaintiff's efforts to provide actual notice.

## V. PROPOSED METHOD OF SERVICE

If this Motion is granted, Plaintiff proposes to effect alternative service as follows:

1. Plaintiff will transmit the Summons issued to Viktor Vyushin, the Complaint, and all exhibits thereto to viktor@fountainheadme.com via email, with a subject line clearly identifying the case name and number.

2. Plaintiff will simultaneously transmit a direct message to Defendant Vyushin's LinkedIn account, to which Plaintiff is a first-degree connection, providing the case name, court, and case number, notifying Vyushin that he has been sued, and directing him to the court's public docket.

3. Plaintiff will file a proof of service with the Court within three (3) business days of transmitting service, including screenshots or other documentation confirming transmission by both methods.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to effect alternative service on Defendant Viktor Vyushin by simultaneous email to viktor@fountainheadme.com and LinkedIn direct message, and direct the Clerk to note the authorized method of service on the docket.

## DECLARATION OF JOSHUA ANDERS IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE

I, Joshua Anders, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned action, appearing pro se. I have personal knowledge of the facts set forth in this Declaration.

2. Defendant Viktor Vyushin originated and transmitted both the Employment Agreement and the Agreement and Release to me via DocuSign from the email address viktor@fountainheadme.com. The DocuSign Certificates of Completion attached as Exhibits C and D to the Complaint reflect this address and confirm his use of it in August 2024 in connection with the events giving rise to this lawsuit.

3. I engaged process server Kyle Gridley to attempt service on Vyushin at 23311 West Paloma Blanca Drive, Malibu, California 90265 - the address listed in Vyushin's DocuSign account records. On April 25, 2026, Gridley reported that the house had burned down. The Proof of Non-Service has been filed with the Court as ECF No. 6.

4. Following that failure, I engaged One Source Process to conduct a skip trace investigation to identify Vyushin's current residential address. The skip trace identified 310 Grant Avenue, Palo Alto, California as a potential address for Vyushin.

5. I engaged process server Jonathan Romeyn to attempt service at the Palo Alto address. Romeyn made two attempts - on April 29, 2026 at 8:15 PM and on April 30, 2026 at 8:52 AM. On both occasions there was no answer. Romeyn spoke with neighbors who

confirmed that Vyushin was not a resident at that address and, in one case, did not recognize his name. The Proof of Non-Service has been filed with the Court as ECF No. 9.

6. I am connected to Viktor Vyushin on LinkedIn as a first-degree connection, meaning I can send him a direct message that he would receive in his LinkedIn inbox without any intermediary step.

7. On May 1, 2026, I captured a screenshot of Vyushin's LinkedIn activity showing that he commented on a post by the Chief Revenue Officer of EHVA.AI as recently as April 30, 2026. The post concerned a partnership announcement between EHVA.AI and Stayntouch. Vyushin's profile in the screenshot identifies him as "Director of Operations at EHVA.AI" and displays a LinkedIn verification badge. A true and correct copy of this screenshot is attached as Exhibit 1.

8. Based on the foregoing, I believe that service via email to viktor@fountainheadme.com and via LinkedIn direct message will provide Vyushin with actual notice of this action, and that these are the methods most likely to reach him given the failure of conventional service at both known physical addresses.

**JOSHUA ANDERS**

*Plaintiff, Pro Se*

655 W Irving Park Rd, Apt 2811

Chicago, IL 60613

Email: legal@joshanders.com

Phone: (804) 916-9666