

**FILED**

3:01 pm, 6/10/26

**U.S. Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

JOSHUA ANDERS,

      Plaintiff,

vs.

FME EMPLOYMENT LLC, RYAN
DANIEL BLACKMAN, and VIKTOR
VYUSHIN,

      Defendants.

Case No.   26-CV-136-KHR

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT VIKTOR VYUSHIN WITHOUT PREJUDICE

**THIS MATTER** is before the Court on Plaintiff Joshua Anders ("Plaintiff") *Motion for Leave to Effect Alternative Service of Process on Defendant Viktor Vyushin Pursuant to Fed. R. Civ. P. 4(e)(1) and Declaration of Joshua Anders in Support Thereof* ("*Motion*"). ECF No. 10.  Having been fully advised of the premises, the Court **DENIES** Plaintiff's *Motion* **WITHOUT PREJUDICE** and directs Plaintiff to further develop the record of how he might serve Defendant Viktor Vyushin ("Mr. Vyushin") by traditional and alternative means.

### BACKGROUND

Plaintiff initiated this action pro se by filing his *Complaint* on April 17, 2026. ECF No. 1. Plaintiff maintains that he "has made extensive efforts to personally serve" Mr.

Vyushin "at two separate addresses and has been unable to complete service at either location[.]" ECF No. 10 at 2.

Plaintiff first attempted service on Mr. Vyushin at a property in Malibu, California on April 25, 2026. Mr. Vyushin listed the Malibu address in the DocuSign account linked to the employment agreement at issue. *See* ECF No. 1-3. Plaintiff's process server attempted to serve Mr. Vyushin at that address but reported that it had burned down. ECF No. 6.

Following that attempt, Plaintiff contracted with One Source Process to identify Mr. Vyushin's address and serve him with process. ECF No. 10 at 3. One Source Process identified an address in Palo Alto, California as Mr. Vyushin's potential residence. *Id*. A process server attempted to serve Mr. Vyushin at that address on two separate occasions, once on April 29, 2026, and the other on April 30, 2026, but there was no answer at the door. ECF No. 9. The process server noted that he spoke with a neighbor who did not recognize Mr. Vyushin's name. *Id*.

Plaintiff filed the instant *Motion* on May 1, 2026. ECF No. 10. In addition to providing a background for his attempts to serve Mr. Vyushin, he seeks leave of the Court for alternative service of process. *Id.* at 2. Plaintiff proposes he serve Mr. Vyushin by email at viktor@fountainheadme.com and a LinkedIn direct message to Mr. Vyushin's personal account. *Id.* at 4–6. Plaintiff argues that service by both means is reasonably calculated to provide Mr. Vyushin with notice of this suit. *Id*.

**APPLICABLE LAW**

Plaintiff is generally correct in his frame of the rule governing service of process in Federal Courts, but wrong in how he applies it to Wyoming. This misstep is not fatal. The Court reviews pro se filings liberally and holds pro se litigants to a less stringent standard than it would expect of an attorney. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

It is true that Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to serve an individual residing in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). Plaintiff errs when he states that "Wyoming Rule of Civil Procedure 4(e) provides that when service cannot with reasonable diligence be accomplished by other means, the court may order service by such method as is reasonably calculated to give actual notice." ECF No. 10 at 3–4.

Rule 4 of the Wyoming Rules of Civil Procedure contains no such *catch-all* alternative service of process provision. Plaintiff may have intended to cite WYO. R. CIV. P. 4(f)(2) which allow for service of an individual in a foreign country if there are no internationally agreed means for service of process "by a method that is reasonably calculated to give notice." But Mr. Vyushin is alleged to be a resident of California. ECF No. 1 ¶ 10. In order to serve an individual residing in the United States like Mr. Vyushin under Wyoming Law, Plaintiff would have to follow the means identified in WYO. R. CIV. P. 4(e) or, if applicable, service by publication identified in WYO. R. CIV. P. 4(k)–(i).

But Plaintiff need not solely seek service under the Wyoming Rules of Civil Procedure. Rule 4 of the Federal Rules of Civil Procedure also authorizes a litigant to follow the state laws governing service of process of the state "where service is to be made [.]" FED. R. CIV. P. 4(e)(1). From the record currently available to the Court, that appears to be California. *See* ECF No. 10 at 2–3. California's Code of Civil Procedure offers a broad framework for alternative service:

> (a)(1) If no provision is made in this chapter or other law for the service of summons, or if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court.
>
> (2) A plaintiff seeking to establish reasonable diligence under this section shall set forth facts detailing all attempts to serve the defendant by each of the methods prescribed by statute, including facts demonstrating why each method was unsuccessful at every address or location where the defendant is likely to be found.

CAL. CIV. PROC. CODE § 413.30. Further, other courts following California law have permitted service via email where it was reasonably calculated to give actual notice to the defendants. *See Tycon Sys., Inc. v. Tycon Sec. Advantage Sys. LLC*, No. 2:24-CV-350 HCN DBP, 2024 WL 2819287, at *2 (D. Utah June 3, 2024) (permitting alternative service to an email address listed on the defendants' website); *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, *2 (N.D. Cal. Sept. 6, 2011) (permitting alternative service by email and publication). Since the California framework closely aligns with the remedy and law

4

contained in Plaintiff's *Motion*, the Court proceeds under the assumption he seeks leave to engage in the alternative means of service identified by California.

## RULING OF THE COURT

While Plaintiff has diligently sought service on Mr. Vyushin, the Court is not yet satisfied that his proposed plan for alternative service is reasonably calculated to give Mr. Vyushin notice of this lawsuit. As such, the Court will deny Plaintiff's *Motion* for now and direct him to see if there might not be other emails, social media accounts, addresses, etc. where he might get in contact with or possibly serve Mr. Vyushin. We begin by addressing the problems with Plaintiff's proposed plan for alternative service: "Plaintiff proposes to effect service by both methods simultaneously—email to viktor@fountainheadme.com and LinkedIn direct message—attaching the Summons, Complaint, and all exhibits to the email and including a link to the court filing with the LinkedIn message." ECF No. 10 at 6.

Mr. Vyushin's alleged email address - victor@fountainheadme.com - appears to be his work email for a previous company, another defendant in this case, FME Employment LLC ("FME"). FME was administratively dissolved by the State of Wyoming on July 9, 2025. ECF No. 1 ¶ 8. Further, the latest alleged use of this email address occurred in August of 2024. ECF No. 10 at 5. It seems unlikely to the Court that a person would continue to monitor a work email for a dissolved company nearly two (2) years after its last alleged use.

The Court is also unconvinced that a direct message over LinkedIn alone will be sufficient. All the cases cited by Plaintiff where service via LinkedIn was allowed involved international defendants and several other active email and social media accounts. *F.T.C.*

*v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at \*4–6 (S.D.N.Y. Mar. 7, 2013) (allowing service on international defendants by multiple emails and social media accounts all believed to be active); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at \* (E.D. Va. Feb. 20, 2014) (allowing service on an international defendant through two email and two social media accounts). While it appears Mr. Vyushin is currently using his LinkedIn account, ECF No. 10 at 6, the Court remains concerned that service through a possibly dead email address and single social media account will be sufficient.

This is not to say that a future plan for service will not involve Plaintiff's currently proposed method, but the Court is left wondering if there are not further means of effecting alternative service on Mr. Vyushin. Plaintiff indicates that Mr. Vyushin is the current Chief Revenue Officer of EHVA.AI. ECF No. 10 at 6. While Plaintiff has diligently sought service upon Mr. Vyushin at two separate California addresses, the record does not demonstrate whether Plaintiff has investigated other possible ways of serving Mr. Vyushin based upon information obtained from or relating to Mr. Vyushin's current employer. With that in mind, the Court is not yet satisfied that the reasonable diligence required for alternative service has occurred.

As such, the Court commends Plaintiff for the steps he has taken thus far but directs him to continue to develop the record regarding all possible means of effective service of process on Mr. Vyushin. This includes any other email and social media accounts that might be used to bolster Plaintiff's current plan for alternative service.

6

## CONCLUSION

Plaintiff's *Motion for Leave to Effect Alternative Service of Process on Defendant Viktor Vyushin Pursuant to Fed. R. Civ. P. 4(e)(1) and Declaration of Joshua Anders in Support Thereof* is **DENIED WITHOUT PREJUDICE**. Plaintiff should continue to explore how he might serve Defendant Victor Vyushin by traditional and alternative means before seeking leave of the Court again. Should Plaintiff seek leave for alternative service of process again, he should clearly indicate what his search has or has not revealed.

Dated this 10th day of June, 2026.

Scott P. Klosterman
United States Magistrate Judge