FILED

10:14 am, 9/28/26

Margaret Botkins
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JOSHUA ANDERS,<br><br>*Plaintiff,*<br><br>v.<br><br>FME EMPLOYMENT LLC, a Wyoming limited liability company;<br>RYAN DANIEL BLACKMAN a/k/a RYAN DANIEL, individually; and<br>VIKTOR VYUSHIN, individually,<br><br>*Defendants.* | **Civil Action No. 2:26-cv-00136-KHR** |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(m)**

Plaintiff Joshua Anders, appearing pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 4(m) for an order extending the time within which he may effect service of process on Defendants Viktor Vyushin and Ryan Daniel Blackman a/k/a Ryan Daniel through and including January 15, 2027. Pursuant to U.S.D.C.L.R. 6.1(e), Plaintiff states that this is his first request to extend the service period, that no prior extension has been requested or granted, and that no

Defendant has appeared or objected. A proposed order is submitted herewith. In support of this Motion, Plaintiff states as follows.

## I. INTRODUCTION

Plaintiff filed this action on April 17, 2026. He served Defendant FME Employment LLC within three days and has obtained a Clerk's Entry of Default against it. He has not been able to serve the two individual Defendants, despite six documented attempts by three professional process servers at three addresses across two jurisdictions, skip traces by two firms, and a timely motion for leave to effect alternative service filed fourteen days into the service period.

The ninety-day period under Rule 4(m) expired on July 16, 2026. Plaintiff respectfully requests an extension so that he may complete service by the alternative means this Court invited him to develop in its Order of June 10, 2026 [ECF No. 15].

Plaintiff acknowledges that he did not seek this relief before the Rule 4(m) period expired, and he does not minimize that failure; the explanation is set forth in the accompanying Declaration. He raises the issue on his own motion, before any order to show cause has issued. He asks the Court to weigh the delay against the record of diligence that preceded it, the individual Defendants' own unavailability as the operative cause of the failure to serve, and the consequences that dismissal would carry for claims now largely beyond the reach of a refiled action.

## II. BACKGROUND

### A. This Action and Service on FME Employment LLC

Plaintiff filed his Complaint on April 17, 2026, asserting claims under the Fair Labor Standards Act, the Wyoming Wage Payment Act, and Wyoming law governing breach of contract and fraud. ECF No. 1. The claims arise from Plaintiff's employment as a Senior Engineer at FME

Employment LLC from April 22, 2024 through August 12, 2024, and from Defendants' failure to pay wages that they acknowledged in writing were owed.

FME was served through its registered agent on April 20, 2026. ECF No. 5. It did not answer or otherwise plead. The Clerk entered FME's default on May 13, 2026. ECF No. 13.

**B. Attempts to Serve Defendant Vyushin**

Plaintiff first attempted service on Defendant Vyushin at 23311 West Paloma Blanca Drive, Malibu, California, the address Vyushin himself listed in the DocuSign account from which he transmitted the agreements at issue in this action, as reflected in the Certificate of Completion filed as Exhibit C to the Complaint. On April 25, 2026, the process server reported that the house had burned down. ECF No. 6. A skip trace then identified 310 Grant Avenue, Palo Alto, California, where ABC Legal attempted service on April 29, 2026 at 8:15 p.m. and April 30, 2026 at 8:52 a.m.; there was no answer, and neighbors stated that Vyushin was not a resident. ECF No. 9. On May 1, 2026, fourteen days after filing the Complaint, Plaintiff moved for leave to effect alternative service on Vyushin. ECF No. 10. The Court denied that Motion without prejudice on June 10, 2026, and directed Plaintiff to develop the record further regarding all possible means of effecting service. ECF No. 15 at 6-7; Decl. ¶¶ 3-5.

**C. Attempts to Serve Defendant Blackman**

Plaintiff filed a Notice of Defendant's True Legal Name on April 20, 2026 [ECF No. 3], and an alias summons issued the same day [ECF No. 4]. Process server Jean M. Mercado of CIG, LLC attempted service on Blackman at 11 Golf View Drive, Dorado, Puerto Rico on April 23, May 1, and May 15, 2026. The doorbell was inoperative, the property was listed for sale, and the only persons present were construction workers who stated that they had no contact with the owner or any resident. The Affidavit of Non-Service was filed on June 22, 2026. ECF No. 16; Decl. ¶ 6.

**D. Investigation Following the Court's June 10, 2026 Order**

On June 15, 2026, five days after the Court's Order, Plaintiff commissioned two independent skip trace investigations through DocuSearch, one for each individual Defendant, and began the employer-based investigation the Court directed. As the Court directed, the results, including what does not assist him, are set out in full in the Declaration and its Exhibits 1-10. Decl. ¶¶ 7-13. Both reports identify as current the same addresses at which service has already been attempted and report no more recent address, so commercial skip tracing has produced nothing more current than the addresses Plaintiff has already exhausted. The employer inquiry indicated that Vyushin's employer, AVLAN PR LLC d/b/a EHVA.AI, has no human resources department and established that its only officer of record is Defendant Blackman, so an inquiry to the employer would be an inquiry to Vyushin's unserved co-defendant. It produced no current residential address for Vyushin, but it did produce three physical addresses not previously known to Plaintiff, at which he will attempt service if the extension is granted, and it established that all three email domains associated with Vyushin remain active and configured to receive email. Plaintiff has sent neither individual Defendant a request to waive service under Fed. R. Civ. P. 4(d), so no waiver period is pending; those requests are part of the plan in Part IV.D. Decl. ¶ 16.

## III. LEGAL STANDARD

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The Tenth Circuit has prescribed a two-step analysis. "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Espinoza construed the 120-day period then prescribed by the Rule; the 2015 amendments shortened that period to 90 days but did not disturb the framework.

In assessing a permissive extension, the Tenth Circuit has instructed that a district court should consider whether "the applicable statute of limitations would bar the refiled action." Espinoza, 52 F.3d at 842 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

The expiration of the ninety-day period does not deprive the Court of authority to extend it. Espinoza itself arose after the period had run and the complaint had been dismissed; the Tenth Circuit remanded for consideration of a permissive extension. 52 F.3d at 841-42. Rule 4(m) contemplates this posture; the question whether to extend arises only once the period has passed.

Rule 4(m) supplies the governing standard, and no separate showing under Fed. R. Civ. P. 6(b)(1)(B) should be required. If that Rule applies, the standard is excusable neglect, a determination that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (applying the Pioneer factors in this circuit).

## IV. ARGUMENT

### A. Good Cause Supports a Mandatory Extension

The good cause inquiry under Rule 4(m) asks whether the plaintiff has shown good cause for the failure to effect service within the prescribed period, not whether he timely moved to extend it. The Tenth Circuit reads the standard narrowly, to protect "only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). Plaintiff's conduct within the ninety days meets that description: he retained three process servers, directed six attempts at three addresses in California and Puerto Rico, commissioned two skip traces, and moved for leave to serve by alternative means, each documented on the docket. ECF Nos. 5, 6, 9, 10, 16. He has been unable to accomplish service because both individual Defendants are, on this record, not findable at the addresses their own records and commercial databases report.

Forty of the ninety days were consumed by Plaintiff's pending Motion for alternative service, filed on day fourteen; when the Court ruled on June 10, 2026, thirty-six days remained, and Plaintiff began the further record the Court directed within five days.

This Court has found good cause on a similar record. In Peeples v. Shoemaker, No. 2:22-cv-00229-KHR, ECF No. 14 (D. Wyo. Dec. 20, 2022) (Rankin, M.J.), the plaintiff had repeatedly failed to serve a long-haul truck driver who was never at home and a corporation whose representative could not be located. The Court held that the plaintiff's "failures are not due to lack of diligence," that "the defects are curable and good cause exists to grant Plaintiff additional time to accomplish service of process," and extended the period although, as it noted, the ninety days had already run. Id. at 4 & n.1; see id. at 3-4 (quoting Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983), for the principle that insufficient but curable service should be quashed and re-served rather than dismissed). The Court then extended the period again because "Plaintiff has

made numerous attempts to serve defendants" and the request was unopposed. Id., ECF No. 17 at 3 (Jan. 31, 2023). In Peeples the deficiency surfaced on a defense motion filed within the ninety days; here Plaintiff raises it himself after the period ran, a difference addressed in Parts IV.B and IV.C. See also Armajo v. State of Wyoming, No. 1:24-cv-00061-SWS, ECF No. 87 (D. Wyo. Mar. 19, 2025) (Klosterman, M.J.) (granting pro se plaintiff's Rule 4(m) motion).

**B. In the Alternative, a Permissive Extension Is Warranted**

Should the Court conclude that Plaintiff's conduct after June 22, 2026 forecloses a finding of good cause, Rule 4(m) and Espinoza require the Court to consider a permissive extension. Espinoza, 52 F.3d at 841. Each relevant consideration favors one here.

***1. Dismissal would extinguish Plaintiff's federal claims.***

An FLSA claim accrues on each regular payday on which the required wages go unpaid. 29 C.F.R. § 790.21(b). Plaintiff was paid semi-monthly; his paydays ran from April 30, 2024 to the August 15, 2024 payday on which his final wages were due, and the Complaint pleads unpaid overtime from the first pay period. ECF No. 1 ¶¶ 2-3 & Ex. G. Under the two-year period of 29 U.S.C. § 255(a), every one of those claims is now time-barred if refiled; only the three-year period for willful violations remains, and it closes payday by payday beginning April 30, 2027. A dismissal under Rule 4(m) is without prejudice, but it does not toll the limitations period. As to the federal claims, dismissal would therefore operate as a dismissal with prejudice in all but the willfulness scenario. That is the circumstance the advisory committee and Espinoza had in mind. The state-law claims do not change the picture: the contract claims run against FME alone, and although the fraud claim against the individual Defendants would survive refiling under Wyo. Stat. § 1-3-105(a)(iv)(D), the wage claims at the core of this action would not. Nor would dismissal of the individual Defendants leave Plaintiff a meaningful remedy against FME alone. FME was

administratively dissolved on July 9, 2025 and has refused mail at its own registered agent. ECF No. 14. The Complaint pleads that Blackman and Vyushin are themselves "employers" under 29 U.S.C. § 203(d), ECF No. 1 ¶¶ 9-10, 44-45, 50, and they are the only realistic source of recovery.

***2. The Defendants' own unavailability caused the delay.***

Plaintiff does not contend that either individual Defendant has been shown to be evading service, and does not ask the Court to assume it. But the reason service has not been accomplished is a matter of record and is not attributable to Plaintiff: one address burned down; a second is a property Vyushin co-owns where no one answered and neighbors told the server on both visits that he does not live there; and the third is a house listed for sale where the only people present are contractors who have never met the owner. Plaintiff has pursued each residential address that existed to be pursued, and will pursue the addresses his employer inquiry has since produced.

***3. An extension imposes no cognizable prejudice on Defendants.***

Neither individual Defendant has appeared, and no scheduling order, discovery deadline, or trial date is in place. An extension of the service period does not deprive either Defendant of any defense, including any defense to the merits or to the adequacy of service, which remains available upon appearance. FME is in default and is unaffected by the relief sought.

***4. Plaintiff is proceeding pro se.***

Plaintiff does not offer his pro se status as an excuse; a pro se litigant must comply with Rule 4. See DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). He notes only that this Court has already found that he has "diligently sought service" on Defendant Vyushin and commended "the steps he has taken thus far." ECF No. 15 at 5-6.

**C. To the Extent Rule 6(b)(1)(B) Applies, the Neglect Was Excusable**

Plaintiff addresses Rule 6(b)(1)(B) so that the Court need not raise it. The Pioneer considerations are the danger of prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay and whether it lay within the movant's control, and the movant's good faith. 507 U.S. at 395. Three of the four favor relief without qualification: no Defendant faces prejudice, for the reasons in Part IV.B.3; the delay has not affected any proceeding, since none is scheduled, nothing has occurred on the docket since June 22, 2026, and no order to show cause has issued; and Plaintiff acted in good faith throughout, bore the costs of service and investigation himself, and raised the deficiency rather than waiting to be asked.

The remaining consideration, the reason for the delay, does not favor Plaintiff on balance. Part of the delay was within his control; part was not, because for several weeks in August and September 2026 Plaintiff was too ill to work. Decl. ¶ 14. He recognizes that fault is an important factor and in some cases the most important, see Jennings, 394 F.3d at 856-57, but submits that on an equitable assessment of all the circumstances it does not outweigh the others, particularly where denial would forfeit claims no court has considered on the merits.

**D. The Requested Period Is Reasonable and Definite**

Plaintiff requests an extension through and including January 15, 2027. The period is set by the steps the Declaration describes rather than by a round number: the thirty-day waiver period must run, two service motions must be filed and decided, and service must then be made. Within seven days of filing this Motion, he will send each individual Defendant a request to waive service under Fed. R. Civ. P. 4(d) at every address his investigation has produced, so that the thirty-day period of Rule 4(d)(1)(F) will have run before the Court is asked to authorize alternative service. Cf. Axtra, LLC v. Axia Issuer, Inc., No. 1:22-cv-00144-SWS, ECF No. 112 at 4 (D. Wyo. Sept. 24, 2024) (Rule 4(f)(3); denying alternative service on one defendant as premature because the

waiver period had not run). He will attempt personal or substituted service at the three addresses the employer inquiry produced and at 310 Grant Avenue, then file a renewed motion for alternative service on Vyushin, supported by the record this Court directed him to develop, and a separate motion addressed to service on Blackman, who resides in Puerto Rico, where a different body of state law applies under Rule 4(e)(1). The extension has a realistic endpoint: this Court has authorized service by electronic means where the record showed diligent attempts and channels through which the defendants could actually be reached, and Blackman's mobile number is one he gave Plaintiff in person. Decl. ¶ 9. Morss v. One Time Binary, Inc., No. 2:23-cv-00151-KHR, ECF No. 9 (D. Wyo. Oct. 31, 2023) (Rankin, C.M.J.) (email, Telegram, and website posting); Axtra, ECF No. 112 at 6-7 (email and parcel delivery). Plaintiff commits to filing both motions within twenty-one days of an order granting this Motion or seven days after the waiver period expires, whichever is later, whether or not the Court so orders. Decl. ¶ 16.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the time to effect service of process on Defendants Viktor Vyushin and Ryan Daniel Blackman a/k/a Ryan Daniel through and including January 15, 2027, and grant such further relief as is just.

Dated: September 28, 2026.
*Respectfully submitted,*

Joshua Anders
**JOSHUA ANDERS**
*Plaintiff, Pro Se*
655 W Irving Park Rd, Apt 2811
Chicago, IL 60613
Email: legal@joshanders.com
Phone: (804) 916-9666

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2026, I served a true and correct copy of Plaintiff's Motion for Extension of Time to Effect Service of Process Pursuant to Fed. R. Civ. P. 4(m), the Declaration of Joshua Anders in Support Thereof with Exhibits 1 through 10, and the proposed order, on Defendant FME Employment LLC by depositing a copy in the United States Mail, first-class postage prepaid, addressed to its registered agent as follows:

FME Employment LLC
c/o Registered Agents Inc
30 N Gould St Suite R
Sheridan, WY 82801

Defendant FME Employment LLC is in default and has not appeared, and under Fed. R. Civ. P. 5(a)(2) no service upon it is required. Plaintiff nonetheless serves it by mail out of an abundance of caution, and notes for the record that an identical mailing to the same registered agent was returned by the Postal Service marked "Return to Sender" and "Refused" on or about May 29, 2026. See ECF No. 14. Defendants Ryan Daniel Blackman a/k/a Ryan Daniel and Viktor Vyushin have not yet appeared in this action and have not been served, and therefore are not entitled to service of this filing at this time.

*Respectfully submitted,*

**JOSHUA ANDERS**
*Plaintiff, Pro Se*
655 W Irving Park Rd, Apt 2811
Chicago, IL 60613
Email: legal@joshanders.com
Phone: (804) 916-9666