**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

JOSHUA ANDERS,

*Plaintiff,*

v.

FME EMPLOYMENT LLC, a Wyoming limited liability company;
RYAN DANIEL BLACKMAN a/k/a RYAN DANIEL, individually; and
VIKTOR VYUSHIN, individually,

*Defendants.*

**Civil Action No. 2:26-cv-00136-KHR**

**DECLARATION OF JOSHUA ANDERS IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

I, Joshua Anders, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated below, and if called as a witness I could and would testify competently to them.
2. I filed the Complaint in this action on April 17, 2026.

3. I engaged ABC Legal to serve Defendant Viktor Vyushin at 23311 West Paloma Blanca Drive, Malibu, California. I obtained that address from the DocuSign Certificate of Completion that Vyushin generated when he transmitted the Employment Agreement to me, which is filed as Exhibit C to the Complaint. On April 25, 2026, ABC Legal's process server, Kyle Gridley, attempted service and reported that the house at that address had burned down. The Proof of Non-Service is filed at ECF No. 6. I have since learned from the DocuSearch reports described below that this Malibu property was Defendant Blackman's residence through August 2021 and does not appear in Defendant Vyushin's address history. I did not know that when I directed the attempt.

4. I then obtained a skip trace from One Source Process. That investigation identified 310 Grant Avenue, Palo Alto, California. I did not engage One Source Process to effect service. I directed ABC Legal to attempt service at the Palo Alto address, and its process server, Jonathan Romeyn, attempted service there on April 29, 2026 at 8:15 p.m. and again on April 30, 2026 at 8:52 a.m. Both attempts were unsuccessful. The Proof of Non-Service is filed at ECF No. 9. My declaration in support of the Motion for alternative service stated that One Source Process conducted the skip trace and that Mr. Romeyn made the Palo Alto attempts. ECF No. 10 at 8. The Court's Order of June 10, 2026 describes One Source Process as having been contracted both to identify Vyushin's address and to serve him with process. ECF No. 15 at 2. I note for accuracy that One Source Process performed only the skip trace, and that both service attempts on Vyushin were made through ABC Legal.

5. On May 1, 2026, I filed my Motion for Leave to Effect Alternative Service of Process on Defendant Viktor Vyushin. ECF No. 10. The Court denied that Motion without prejudice on June 10, 2026. ECF No. 15.

6. I retained CIG, LLC to serve Defendant Ryan Daniel Blackman at 11 Golf View Drive, Dorado, Puerto Rico. Process server Jean M. Mercado attempted service on April 23, 2026, May 1, 2026, and May 15, 2026. Each attempt was unsuccessful. Mr. Mercado reported that the property is listed for sale and that the only persons present were construction workers who stated they did not know the owner or any resident. Mr. Mercado executed his Affidavit of Non-Service on June 16, 2026, and it is filed at ECF No. 16. The skip trace I obtained from One Source Process in April 2026 also covered Blackman and reported 11 Golf View Drive as his current address.

7. On June 15, 2026, I commissioned two skip trace investigations through DocuSearch, one for each individual Defendant. The report for Defendant Vyushin was designated search number 26060502 and is attached to this Declaration as Exhibit 1. The report for Defendant Blackman was designated search number 26060501 and is attached as Exhibit 2. Both exhibits are filed with each Defendant's date of birth redacted to the year of birth in accordance with Fed. R. Civ. P. 5.2(a)(2) and U.S.D.C.L.R. 8.1.

8. The DocuSearch report for Defendant Vyushin lists 310 Grant Avenue, Palo Alto, California as his most recent address, reported current through June 9, 2026. That is the same address at which Mr. Romeyn attempted service twice. The report lists no more recent address. It lists seven older addresses, the most recent of which is reported as ending in June 2023. It lists one telephone number, a mobile number ending in 9018. It lists additional names associated with Vyushin, including "Viktor Solstice." The One Source report described in paragraph 4 also reflects, as I noted in my request for the alias summons, that Vyushin holds title to 310 Grant Avenue as a joint tenant, with one Svetlana Vyushin, under a grant deed recorded February 19, 2016. ECF No. 7 at 2. If the Court grants the

Motion, I will direct the process server to attempt service at that address by leaving the summons and complaint with an adult member of the household and mailing a copy there, as Fed. R. Civ. P. 4(e)(2)(B) and Cal. Code Civ. Proc. § 415.20(b) permit, before renewing my request for alternative service. I have not called or sent a text message to the mobile number the report lists. If the Court grants the Motion, I will send a text message to that number identifying this action and asking Vyushin to confirm an address at which he will accept service, and I will report the result, including whether the message was delivered, in my renewed motion.

9. The DocuSearch report for Defendant Blackman lists 11 Golf View Drive, Dorado, Puerto Rico as his most recent address, reported current through June 9, 2026. That is the same address at which Mr. Mercado attempted service three times. The report lists the Malibu property, 23311 West Paloma Blanca Drive, as his residence from August 2009 through August 2021, and lists five further older addresses. It lists two telephone numbers, one mobile ending in 7763 and one voice-over-internet number ending in 6826. It lists the additional name "Ryan Blackburn." The mobile number ending in 7763 is the number Blackman gave me in person as his cell phone number when we both attended the HITEC hospitality technology conference in Charlotte, North Carolina, in June 2024, during my employment. I have not called or sent a text message to either number. If the Court grants the Motion, I will send a text message to that mobile number identifying this action and asking Blackman to confirm an address at which he will accept service, and I will report the result, including whether the message was delivered, in my motion addressed to service on him.

10. The Court's June 10, 2026 Order directed me to investigate possible means of serving Defendant Vyushin based on information obtained from or relating to his current employer, which the Order identified from his LinkedIn profile as EHVA.AI. ECF No. 15 at 6. The Order refers to Vyushin as EHVA.AI's Chief Revenue Officer. For accuracy, I note that the screenshot filed as Exhibit 1 to ECF No. 10 shows the Chief Revenue Officer to be a different person, Jeffrey Schaffer, on whose post Vyushin commented, and that Vyushin's own profile identified him as "Director of Operations at EHVA.AI." EHVA.AI is the trade name of AVLAN PR LLC, a Puerto Rico limited liability company. I alleged that relationship in the Complaint on information and belief, ECF No. 1 ¶ 8, and the company's own website confirms it: the footer of ehva.ai identifies the operator as "AVLAN PR LLC DBA EHVA.AI." A true and correct printout of the ehva.ai home page and Terms of Service page, which I captured on September 25, 2026, is attached as Exhibit 3.

11. On June 15, 2026, I searched the online business registry of the Puerto Rico Department of State for AVLAN PR LLC and downloaded the company's Certificate of Formation. On September 25, 2026, I retrieved the registry's current Corporation Information page for the same company. True and correct copies of both records are attached together as Exhibit 4. They show that AVLAN PR LLC, Register No. 456127, is an active domestic limited liability company formed on December 21, 2020; that its principal office is at 101 Avenida De Diego, Urbanización San Francisco, San Juan, Puerto Rico 00927, with a mailing address of P.O. Box 363247, San Juan, Puerto Rico 00936, and a telephone number of (787) 793-4400; that the company serves as its own resident agent at the same San Juan address; and that the only administrator and the only authorized person listed for the company, both at formation and today, is "Ryan Blackman," with the title President and

Treasurer, at 1100 Broadway, Santa Monica, California 90401. The Certificate of Formation was sworn by "Blackman, Ryan" and lists ryan.blackman@gmail.com as the email address of the resident agent, the authorized person, and the administrator. That person is Defendant Ryan Daniel Blackman.

12. I am not aware of any human resources department at AVLAN PR LLC. During my employment, neither it nor FME had one; the personnel functions I encountered were performed by the two individual Defendants themselves. Blackman signed my Employment Agreement and my Release Agreement on behalf of FME, and Vyushin prepared and transmitted both documents to me. The Employment Agreement also directs missed meal periods to be reported to a Christopher Cowan at chriscowan@fountianheadme.com, a misspelling of the fountainheadme.com domain. ECF No. 1-1 at 8. I had no dealings with Mr. Cowan during my employment and do not know him; no one by that name worked at FME or EHVA.AI while I was there so far as I know. On September 27, 2026, I reviewed the LinkedIn profile of a Christopher Cowan whose headline reads "CEO at FountainheadME," which lists his employer as FountainheadME Amazon & eCommerce Management and his location as Forest, Virginia, shows more than 500 connections, and identifies one "Viktor," whom I believe to be Defendant Vyushin, as a mutual connection of his and mine. Screenshots of the profile, which I captured the same day, are attached as Exhibit 10. His profile describes him as Chief Executive Officer of FountainheadME since March 2024, after three years as its Agency Director. That description does not match the California records in Exhibit 8, which list Blackman as chief executive officer and sole director of Fountainhead Marketing Engineers until its dissolution in November 2024, and I do not know what role Mr. Cowan

actually held. His profile does, however, place him at FountainheadME throughout my employment, when Vyushin identified himself as its Director of Operations (Exhibit 6), and describes him as running the business today. He therefore appears likely to know how to reach both Defendants. I will write to him at the address in the Agreement, at its correctly spelled equivalent, and through LinkedIn, asking for an address at which each Defendant will accept service, together with the mailings described in paragraph 16, and I will report the result. AVLAN PR LLC's only officer of record is Blackman. An inquiry to Vyushin's employer for his address or contact information would therefore be an inquiry to Defendant Blackman himself: a co-defendant who has not been served, whose own whereabouts I have been unable to establish through three service attempts and the two skip trace investigations described in paragraphs 6 and 7, and whose other company, FME, refused a mailing I sent to its registered agent in May 2026. ECF No. 14. I did not make that inquiry. I did not believe that a request to one unserved Defendant for the whereabouts of another was reasonably likely to produce accurate information, and I was concerned that it would accomplish nothing except to alert both Defendants that service was being attempted. I state this so that the Court has a clear account of what I did not do and why. If the Court considers such an inquiry necessary, I will make it in writing through each of the employer's public contact points identified below and report the result to the Court.

13. My investigation relating to the employer did reveal the following, which I set out in full, including what does not assist me.

(a) Employer contact points. The ehva.ai website lists a street address of 425 Carr 693, STE 1-348, Dorado, Puerto Rico 00646; a United States mailing address of 34 N Franklin Ave, Ste 687-1845, Pinedale, Wyoming 82941; telephone numbers

(833) 419-2313 and (888) 775-8857; and a web contact form. Its Terms of Service page lists the email address terms@ehva.ai. Exhibit 3. The Pinedale address is the same mailing address FME reported to the Wyoming Secretary of State. I believe from the suite designations that both addresses are commercial mail-receiving agencies rather than premises at which any individual could be found, and I have not attempted service at either. Because both appear to be mail-receiving agencies, I will include them among the addresses to which I send the requests for waiver of service described in paragraph 16, and I will report whether those mailings are delivered or returned.

(b) 1100 Broadway, Santa Monica, California 90401. This address does not appear in either DocuSearch report or in the One Source skip trace. It is, however, the address Blackman has used for himself and his companies in official filings for at least six years. Records of the California Secretary of State, attached as Exhibit 8 and described in subparagraph (g) below, show that Blackman listed 1100 Broadway as the principal office of two California corporations he controlled, AVLAN and Fountainhead Marketing Engineers, and as his own address as their chief executive officer, secretary, chief financial officer, sole director, and agent for service of process, most recently in a Statement of Information filed October 28, 2024. Vyushin himself electronically signed AVLAN's Statement of Information of May 4, 2021, certifying that its previously reported information, including that address, was unchanged. Publicly available business directory listings identify the address as the office of "FountainheadME," an Amazon and e-commerce consulting business, and list "Ryan Daniel" as its chief executive and "Viktor Vyushin" as its

Operations Manager; other listings indicate that the address is now also used by a music production company. It is a commercial address, and I do not know whether either Defendant is physically present there. It is the most recent physical address the employer inquiry produced that I have not already attempted, and if the Court grants the Motion I will attempt service on both individual Defendants there, and on Vyushin at the two 2020 addresses described in subparagraph (f), before renewing my request for alternative service. Because 1100 Broadway is a business address, that attempt will include substituted service under Cal. Code Civ. Proc. § 415.20(b), which permits leaving the summons and complaint at a person's usual place of business with the person apparently in charge and then mailing a copy, if personal delivery cannot be made with reasonable diligence. Section 415.20(b) also reaches a person's "usual mailing address other than a United States Postal Service post office box," and 1100 Broadway is the address Blackman has given as his own in official filings for at least six years.

(c) The fountainheadme.com domain. The Court's Order expressed doubt that Vyushin would continue to monitor a work email address at a dissolved company, and understood the domain to belong to Defendant FME Employment LLC. ECF No. 15 at 5. The California records described in subparagraph (g) show that "FountainheadME" is the trade name of a different Blackman company, Fountainhead Marketing Engineers, a California corporation that Blackman dissolved effective November 7, 2024. The domain did not die with that corporation. On September 25, 2026, the website at fountainheadme.com was an active commercial site identifying its operator as "White Cardinal Marketing LLC

DBA FountainheadME," and a public DNS lookup that I performed the same day returned an active mail exchanger record for the domain, meaning that the domain is configured to receive email. A printout of that website and a record of the lookup are attached as Exhibit 5. The last email I sent to Vyushin was on April 24, 2024, to viktor@fountainheadme.com, in the thread by which he circulated my Employment Agreement to counsel; Blackman was copied on that thread at ryan@fountainheadme.com. Vyushin's signature block in that thread identified him as "Director of Operations" of FountainheadME, with the telephone number (844) 691-1363, which is the number public listings give for the business at 1100 Broadway. A true and correct copy of that thread is attached as Exhibit 6. I have not sent anything to that address since, and I cannot determine from outside the company whether Vyushin's individual mailbox remains active. In September 2026, I searched the online business registries of the California Secretary of State and the Puerto Rico Department of State for "White Cardinal" and found no entity by that name in either. On September 26, 2026, I searched the Wyoming Secretary of State's registry and found one: White Cardinal LLC, a Wyoming limited liability company organized on April 16, 2026. A true and correct copy of its Articles of Organization and Certificate of Organization, as downloaded from the registry, is attached as Exhibit 9. The articles identify no member, manager, or officer. The organizer signed as an "Authorized Individual" using an email address at wyomingllcattorney.com, the website of a commercial business-formation service; the registered agent, Company Sage Agents LLC, is a commercial registered agent; and the principal office and mailing address, 1309 Coffeen Avenue, Suite 1200,

Sheridan, Wyoming, is a shared mailing address that Sheridan registered-agent services supply to the companies they form, which public sources report is used by tens of thousands of companies. I therefore cannot determine from the public record who owns White Cardinal LLC, whether it is the "White Cardinal Marketing LLC" that the fountainheadme.com website names as its operator, or whether either Defendant is connected to it. The mailings described in paragraph 16 will include copies addressed to each Defendant in care of White Cardinal LLC.

(d) Email at the employer. During my employment, Vyushin corresponded with me from two email addresses, viktor@fountainheadme.com and viktor@avlanpr.com. A search of my retained email for his name returns messages from those two domains only. The Employment Agreement, however, designates him as the manager authorized to approve overtime at a third address, viktor@ehva.ai, on the domain of his current employer. ECF No. 1-1 at 9. I never received a message from that address. The avlanpr.com domain corresponds to the name of his employer, AVLAN PR LLC. Public DNS lookups that I performed on September 25, 2026 returned active mail exchanger records for avlanpr.com and for ehva.ai, and public registration records show that avlanpr.com was registered in January 2023, renewed in January 2026, and runs through January 2027. Exhibit 5. I have not sent anything to viktor@avlanpr.com or viktor@ehva.ai since my employment ended, and I cannot determine from outside the company whether either mailbox remains active.

(e) LinkedIn. As of September 25, 2026, Vyushin's LinkedIn profile continues to identify him as "Director of Operations at EHVA.AI," lists his location as Palo Alto, California, carries LinkedIn's verification badge, and shows more than 500

connections and 1,137 followers. Its activity feed shows five reposts of EHVA.AI content; LinkedIn dates the most recent as four weeks old and the remainder as between one and four months old. The profile page also lists "Ryan Daniel, Architect/Founder - EHVA.ai" among related profiles. Screenshots of the profile and activity pages, which I captured on September 25, 2026, are attached as Exhibit 7.

(f) Other reported employers. The One Source skip trace commissioned in April 2026 listed three California entities as "possible employers" of Vyushin, REGEAR LP, UNIFYY, and HIPPIE BLING LLC, identifying him as an agent, general partner, or managing member, and gave no address for any of them. On September 25, 2026, I searched the California Secretary of State's online database for each name and downloaded the filing histories and filed documents, which are included in Exhibit 8. All three entities are defunct. REGEAR L.P. was a Palo Alto limited partnership of which Vyushin and one Anton Boykov were the general partners; it was formed by conversion in July 2013 and cancelled in May 2015, and the Palo Alto addresses on its filings appear in the skip trace reports as addresses Vyushin left in or before 2016. Hippie Bling, LLC was a Delaware company that Vyushin registered in California in October 2013 and cancelled in December 2016; its filings give a North Hollywood address for Vyushin that the skip trace reports show he left in 2016, and identify one Jessica Motes as its other manager. Unifyy was a California corporation that Vyushin incorporated on August 4, 2020 and for which he served as agent for service of process; its Statement of Information filed October 12, 2020 lists Defendant Blackman as its chief executive officer, secretary, chief

financial officer, and sole director, and Blackman signed its Certificate of Dissolution on November 3, 2021. The Unifyy filings give two addresses for Vyushin that appear in neither skip trace report: 22809 Pacific Coast Highway, Malibu, California 90265, which he listed as the corporation's street and mailing address and as his own address as agent when he incorporated it in August 2020, and 21900 Burbank Boulevard, 3rd Floor, Woodland Hills, California 91367, listed as the corporation's office and his agent address two months later. Both are more than five years old and predate the Palo Alto address that the skip trace reports treat as current, and I do not know whether either remains connected to Vyushin. If the Court grants the Motion, I will attempt service at both, together with the Santa Monica address described in subparagraph (b).

(g) California Secretary of State records. On September 25, 2026, I searched the California Secretary of State's online business database for "Avlan" and "Fountainhead" and downloaded the filing histories and the available filed documents for the two entities associated with Blackman. True and correct copies are attached as Exhibit 8. They show the following. AVLAN was formed as a California limited liability company on August 22, 2017, converted to a California stock corporation in 2018 by articles that Blackman signed as its member and incorporator, and dissolved by a certificate that Blackman signed on September 7, 2021 and filed the next day. Each filing that states an address lists 1100 Broadway, Santa Monica, as its principal office and as Blackman's address in each officer role, and its Statement of Information filed May 4, 2021 bears the electronic signature of Viktor Vyushin. Fountainhead Marketing Engineers was formed as a California

limited liability company on November 25, 2013, converted to a stock corporation in January 2017 by articles that Blackman signed, and dissolved by a certificate that Blackman signed as President on October 25, 2024 and that was filed November 7, 2024. Its Statement of Information filed October 28, 2024 lists Blackman, at 1100 Broadway, as chief executive officer, secretary, chief financial officer, sole director, and agent for service of process; lists the corporation's principal office as the Malibu property at which service on Vyushin was first attempted; and lists its mailing address as 11 Golf View Drive, Dorado, Puerto Rico, the address at which service on Blackman was attempted three times. That statement and the one filed in 2020 were signed on the corporation's behalf by an accountant, Thomas V. Apkarian, Jr., CPA. These records produced no address for Vyushin. They corroborate that 1100 Broadway is the address Blackman uses in official filings, and they show that Vyushin has acted as a signatory for Blackman's AVLAN entity.

(h) Apart from the two 2020 addresses described in subparagraph (f), the employer inquiry produced no residential address for Vyushin, and it produced no telephone number for him other than the mobile number reported by DocuSearch.

14. I did not file a motion to extend the service period before it expired on July 16, 2026, and I did not file a renewed motion for alternative service during that time. I am employed full time, and in July 2026 the demands of my employment consumed the time I had available to devote to this case. In August 2026 I became ill with persistent vomiting. I was not well enough to work and took time off from my employment. I was seen in a hospital emergency department on August 14, 2026 and by a gastroenterologist on August 25, 2026, and I was

not prescribed treatment for the condition until September 4, 2026. I did not work on this case while I was ill. I prepared the Motion within three weeks of beginning treatment. I can provide medical documentation to the Court under seal if the Court wishes. I offer these facts as an explanation and not as a justification. I understand that my obligations under Rule 4 did not depend on my schedule or my health.

15. I have not abandoned this action or any claim in it. I have continued to bear the cost of investigation and attempted service out of my own funds, and I intend to prosecute the case to judgment.

16. I have not sent either individual Defendant a request to waive service under Fed. R. Civ. P. 4(d). Within seven days after filing the Motion, I will send each of them a request for waiver in the form prescribed by Rule 4(d)(1), by first-class mail and by email, at the following addresses: for Defendant Vyushin, 310 Grant Avenue, Palo Alto, California; 1100 Broadway, Santa Monica, California; 22809 Pacific Coast Highway, Malibu, California; 21900 Burbank Boulevard, 3rd Floor, Woodland Hills, California; viktor@fountainheadme.com; viktor@avlanpr.com; and viktor@ehva.ai; and for Defendant Blackman, 11 Golf View Drive, Dorado, Puerto Rico; 1100 Broadway, Santa Monica, California; 425 Carr 693, STE 1-348, Dorado, Puerto Rico; 34 N Franklin Ave, Ste 687-1845, Pinedale, Wyoming; ryan.blackman@gmail.com; and ryan@fountainheadme.com. I will also mail a copy of each request to the Defendant concerned in care of White Cardinal LLC at both addresses shown in Exhibit 9: 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801, and, through its registered agent Company Sage Agents LLC, 1095 Sugarview Drive, Suite 100, Sheridan, Wyoming 82801. At the same time I will send the request to Mr. Cowan described in paragraph 12 to

chriscowan@fountianheadme.com and to chriscowan@fountainheadme.com, and by LinkedIn message. I will keep a record of each mailing and message, including any delivery confirmation, return, or response, and I will report the results to the Court. I will file a notice stating the date on which the requests were sent, so that the period under Rule 4(d)(1)(F) can be computed from the record. If the Court grants the relief requested, I will file a renewed motion for alternative service on Defendant Vyushin and a separate motion addressed to service on Defendant Blackman within twenty-one days of the Court's order or seven days after the thirty-day period prescribed by Rule 4(d)(1)(F) expires, whichever is later.

Executed this 28th day of September, 2026, at Chicago, Illinois.

**JOSHUA ANDERS**
*Plaintiff, Pro Se*