FILED

10:48 am, 11/2/26

Margaret Botkins
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JOSHUA ANDERS,<br>Plaintiff,<br>v.<br>FME EMPLOYMENT LLC, a Wyoming limited liability company; RYAN DANIEL BLACKMAN a/k/a RYAN DANIEL, individually; and VIKTOR VYUSHIN, individually,<br>Defendants. | Civil Action No.<br>2:26-cv-00136-KHR |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT AND TO HOLD PENDING DEADLINES IN ABEYANCE**

Plaintiff Joshua Anders, appearing pro se, and Defendants Ryan Daniel Blackman a/k/a Ryan Daniel and Viktor Vyushin, each appearing pro se, jointly move the Court, as Section 3 of their Settlement Agreement and Release executed October 26, 2026 (the "Agreement," attached with its signature audit trail as Exhibit 1) requires, for an order (1) approving the Agreement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (FLSA), or alternatively determining that approval is unnecessary and permitting disposition of this action on the Agreement's terms; (2) holding the pending deadlines in this action in abeyance until the settlement is completed or terminated; (3) setting the individual Defendants' time to respond to the Complaint at thirty days after any termination of the Agreement; and (4) retaining jurisdiction to enforce the Agreement and providing for dismissal with prejudice upon completion. Defendant FME Employment LLC (FME) executed the Agreement through its member, but a limited liability company may appear in this Court only through licensed counsel and FME has none, so FME does not join this Motion as a filer; the relief described below as to FME is requested by Plaintiff. A proposed order is submitted

herewith. The duty to confer under U.S.D.C.L.R. 7.1(b)(1)(A) does not apply to pro se parties, and the Motion is joint.

## I. BACKGROUND

### A. The claims

Plaintiff worked remotely for FME as a senior engineer from April 22 to August 12, 2024, under an Employment Agreement that set an annual salary of $155,000.00 on an hourly rate of $74.52 and a schedule of 8.5 hours a day, five days a week. ECF No. 1 at 9–10; ECF No. 1-1. He was paid nothing for his final pay period, August 1 through 12, 2024. On the day his employment ended he signed an Agreement and Release in which FME acknowledged $7,850.00 in unpaid wages and separation pay, less $1,493.92 for health insurance, a net $6,356.08 payable within ten business days. ECF No. 1-2 at 1. FME paid nothing. The Complaint, filed April 17, 2026, pleads five claims: FLSA minimum-wage and overtime violations against all Defendants, with liquidated damages and an allegation of willfulness (First Claim, ECF No. 1 at 18–21); breach of the Agreement and Release and, in the alternative, breach of the Employment Agreement, against FME (Second and Third Claims, id. at 22–25); fraudulent inducement against all Defendants (Fourth Claim, id. at 25–27); and violation of the Wyoming Wage Payment Act, Wyo. Stat. § 27-4-104, against FME (Fifth Claim, id. at 28–29). On the FLSA claim it alleges unpaid minimum wages of not less than $464.00 for the final period (64 hours at $7.25) and unpaid overtime of 2.5 to 5 hours a week for approximately sixteen weeks at $111.78 an hour, not less than $4,471.20 and up to $8,942.40, plus an equal amount as liquidated damages. Id. at 19–20.

**B. Procedural posture**

FME was served on April 20, 2026, and the Clerk entered its default on May 13, 2026. ECF Nos. 5, 13. The individual Defendants were not served despite repeated attempts in two jurisdictions; the Court denied Plaintiff's first motion for alternative service without prejudice on June 10, 2026 (ECF No. 15), and his motion to extend the Rule 4(m) period (ECF No. 17) is pending. On October 3, 2026, Plaintiff sent each individual Defendant a request to waive service under Rule 4(d). ECF No. 18. Those requests reached them. Blackman answered Plaintiff in writing on October 5, 2026; the parties negotiated by email, exchanging written drafts on October 5, 10, 21, and 22; on October 9, 2026, after Blackman had confirmed in writing that the payment was not conditioned on any settlement, Plaintiff received $6,356.08 by ACH from Navlan PR LLC, a non-party, on FME's behalf (the Wage Payment); and the Agreement was executed through Dropbox Sign on October 26, 2026, Blackman signing for FME and for himself, then Vyushin, then Plaintiff. Ex. 1 at 10–13. On October 26, 2026, each individual Defendant delivered a signed waiver of service on form AO 399, which, as the parties agreed, Plaintiff is filing concurrently with this Motion. No Defendant has answered. Plaintiff filed a Notice of Settlement the same day (ECF No. 19), on which the docket reflects a deadline of November 25, 2026 for a dismissal pleading.

**C. The Agreement**

*Payment.* The Wage Payment of $6,356.08, the full net amount acknowledged in the Agreement and Release, was received on October 9, 2026, without condition, and is not recoverable from Plaintiff whether or not the settlement is completed. Ex. 1 §§ 1, 2.1, 2.6. FME shall pay, and Blackman absolutely and unconditionally guarantees as a primary obligor, Additional Consideration of $4,379.64: (a) interest on the Wage Payment at the eighteen percent

rate prescribed by Wyo. Stat. § 27-4-104(b) from August 12, 2024, to October 9, 2026, which is $2,469.99; and (b) Plaintiff's documented costs of this action, $1,909.65, itemized in Section 2.2 (filing fee, Complaint delivery, process-server and skip-trace fees, and printing and postage for the waiver requests and a registered-agent mailing). Id. §§ 2.2, 2.3. It was received in cleared funds on October 27, 2026, within the five business days Section 2.4 allows. Id. § 2.4. The total paid to Plaintiff is therefore $10,735.72. No part of it is attorney's fees; Plaintiff has no counsel and asserts no fee claim, and each side bears its own fees. Id. § 6.

*Releases.* Effective only on the Completion Date, the later of the Court's approval and Plaintiff's receipt of the Additional Consideration, Plaintiff releases the Defendants and their affiliates from claims arising on or before the date he signed, and the Defendants release Plaintiff. Id. §§ 3, 4.1–4.3, 5. FLSA claims "are released only within the disposition permitted by the Court under Section 3." Id. § 4.2. Nonwaivable rights, protected reporting, and truthful testimony are excluded. Id. §§ 4.4, 7. As Section 4.7 requires the parties to state to the Court, the Additional Consideration is the separately negotiated consideration supporting the release of claims beyond the unpaid wages. Plaintiff disclosed on Schedule A every other claim known to him: a 2024 South Carolina state action arising from the same nonpayment, voluntarily dismissed without prejudice in September 2025; a 2024 complaint to the Department of Labor's Wage and Hour Division, closed without payment; and a 2024 inquiry to the South Carolina Department of Labor, Licensing and Regulation, declined for lack of jurisdiction. Ex. 1 at 10–11. Nothing is pending elsewhere.

*Other terms.* The restrictive covenants in the prior agreements are terminated and replaced by a trade-secret undertaking only, and the settlement is not confidential. Id. § 7. Each Defendant consents to this Court's jurisdiction and to service by email, and FME and Blackman

consent to judgment for any unpaid balance. Id. § 9. The individual Defendants waive service and join in asking that their time to respond to the Complaint be set at thirty days after any termination. Id. § 10. All claims against all three Defendants are to be dismissed with prejudice within three business days after the Completion Date, each side bearing its own fees and, apart from the costs reimbursed under Section 2.2, its own costs. Id. § 6. If approval is denied, or the Approval Condition is not satisfied within ninety days, either side may terminate, the releases do not take effect, and the Wage Payment stays with Plaintiff. Id. § 3.

## II. ARGUMENT

### A. The Court should review the settlement

An employee's FLSA rights to minimum wages, overtime, and liquidated damages cannot be waived or abridged by private agreement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114–15 (1946). A compromise of a bona fide dispute over FLSA liability is enforceable when it is supervised by the Secretary of Labor or when a court, after scrutinizing the settlement, approves it as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982). District courts within the Tenth Circuit require that a proposed FLSA settlement be presented for review under that standard, *Davis v. Crilly*, 292 F. Supp. 3d 1167 (D. Colo. 2018), and this Court has applied it. *Forney v. Wyoming Pizza, Inc.*, No. 2:18-cv-00087-NDF, ECF No. 50 at 2–3 (D. Wyo. July 10, 2019) (the court "must determine whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees" (quoting *Hoffman v. Poulsen Pizza LLC*, No. 15-cv-2640, 2017 WL 25386, at *4 (D. Kan. Jan. 3, 2017))) (approving settlement, dismissing with prejudice, and retaining

jurisdiction). The parties ask for that review, on which the Agreement conditions its releases; if the Court instead concludes that approval is unnecessary, they ask that the order say so and permit disposition on the Agreement's terms, which satisfies the Approval Condition equally. Ex. 1 § 3.

**B. A bona fide dispute exists**

No Defendant has answered, so the parties identify the disputes that the Complaint itself anticipates and that the Defendants maintained in negotiating the Agreement, without inventing any. First, exemption. Plaintiff was a senior engineer paid $74.52 an hour. The Complaint pleads that his duties and FME's pay practices did not satisfy any FLSA exemption and anticipates the contrary contention, ECF No. 1 at 10, 20–21; the computer-employee exemption of 29 U.S.C. § 213(a)(17) reaches a "software engineer" paid not less than $27.63 an hour whose primary duty falls within the statutory description, and whether Plaintiff's primary duty did is a fact question that would require discovery and could defeat the overtime claim entirely. Second, hours. The overtime claim rests on the contractual 8.5-hour day and on Plaintiff's account of working through meal periods; FME's pay records show exactly 86.67 hours in every semi-monthly period, so the hours over forty would be proved, if at all, by testimony the Defendants dispute. ECF No. 1 at 10, 19–20. Third, employer status. Blackman and Vyushin deny that either was Plaintiff's "employer" under 29 U.S.C. § 203(d), and the Agreement is expressly not an admission on that point. Ex. 1 §§ 1, 2.3. Fourth, willfulness and liquidated damages. The two-year period of 29 U.S.C. § 255(a) has run since the Complaint was filed, so any claim refiled against the unserved individual Defendants after a Rule 4(m) dismissal would be timely only if the violation was willful, and the Defendants would resist liquidated damages under 29 U.S.C. § 260 by pointing to FME's written promise to pay and its later inability to do so; Plaintiff disputes

both positions. These are genuine disputes about coverage, hours, and liability, not a device to pay less than wages concededly due: those wages were paid in full, at the contract rate, before the Agreement was signed and without condition.

**C. The settlement is a fair and reasonable resolution**

*The measure.* On the Complaint's own figures, the maximum FLSA recovery is $18,812.80 ($464.00 in minimum wages plus $8,942.40 in overtime, doubled as liquidated damages), and $9,870.40 at the contractual schedule of 42.5 hours a week. The Wage Payment already received, $6,356.08 net of the agreed insurance deduction from $7,850.00, is the full contract wage for the unpaid period plus the separation pay FME promised, many times the $464.00 minimum-wage floor. What Plaintiff compromises is the overtime claim and liquidated damages, between $9,406.40 and $18,348.80 on the Complaint's figures. For that compromise he receives $4,379.64 in statutory interest and reimbursed costs, Blackman's personal guarantee, a consent to judgment, and a mutual release. In total Plaintiff receives $10,735.72 in cash, 57 percent of the maximum FLSA recovery pleaded and 109 percent of the recovery at the contractual schedule, with no deduction for attorney's fees because he has none.

*Why the compromise is reasonable.* The exemption and hours issues present a real risk of no overtime recovery at all. Collection presents a larger one. FME was administratively dissolved on July 9, 2025, has no known assets, and did not make even the Wage Payment itself; the individual Defendants contest personal liability and could not be served for six months; a judgment against FME alone would likely be uncollectible, and a judgment against either individual would require prevailing on employer status and then collecting in Puerto Rico or California. The Agreement converts that risk into money in hand: both the Wage Payment and the Additional Consideration have been received. Ex. 1 § 2.6. It also ends a six-month-old case

in which no Defendant had been served. The non-monetary terms favor the employee: the confidentiality and non-disparagement covenants of the prior agreements are terminated, nothing about the settlement is confidential, and the Defendants give a reciprocal general release. Id. §§ 5, 7. The Agreement was negotiated at arm's length between adverse parties over three weeks and four written drafts, on the base of Plaintiff's own draft, and the Defendants paid the undisputed wages before it was signed. There was no counsel and so no fee to influence the allocation.

*The release.* Courts examine general releases in FLSA settlements with care, and the parties disclose this one as Section 4.7 requires. It is mutual; it is supported by consideration separate from the wages, the $4,379.64 Additional Consideration; it releases FLSA claims only to the extent the Court's disposition permits; it excludes nonwaivable rights and protected activity; and Plaintiff identified on Schedule A every other claim known to him, all three of which are closed. Ex. 1 §§ 4.2, 4.4, 4.7, 5, Sched. A. The parties ask the Court to approve the release on that record.

**D. The procedural relief requested**

*Abeyance.* The parties ask that all pending deadlines be held in abeyance until the Completion Date or a termination under Section 3 or Section 9, including the pending motion to extend the service period (ECF No. 17), which the waivers of service filed with this Motion render moot, the undertakings in paragraph 7 of Plaintiff's Notice of Mailing (ECF No. 18), and any further proceedings on the Clerk's entry of default against FME (ECF No. 13). Ex. 1 §§ 3, 6. The parties also ask that the November 25, 2026 dismissal-pleading deadline reflected at ECF No. 19 be vacated: under Section 6 dismissal follows the Completion Date and, under the procedure requested below, is entered on the parties' notice rather than by a separate pleading.

*Time to respond.* Under Rule 4(d)(3) a defendant who timely waives service has sixty days from the date the request was sent, here until December 2, 2026, to respond to the Complaint. The parties jointly ask that the individual Defendants' time to answer or otherwise respond be set instead at thirty days after written notice of any termination of the Agreement, so that no response is due while the settlement is being performed; Plaintiff will not seek a default against either individual Defendant while the Agreement is in effect. Id. § 10.

*Retained jurisdiction and dismissal.* The parties ask the Court to retain jurisdiction to enforce the Agreement, which requires an express provision in the order of dismissal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). Because FME cannot sign a stipulation, the parties ask that, upon the filing of a notice that the Completion Date has occurred, the Court dismiss all claims against all three Defendants with prejudice under Rule 41(a)(2), each side to bear its own attorney's fees and, except as provided in Section 2.2 of the Agreement, its own costs, with jurisdiction retained; the Clerk's entry of default against FME would then be moot.

*FME's participation.* An artificial entity may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). FME's assent is shown by the Agreement itself, executed by Blackman as its member with the authority recited in Section 10; the relief as to FME is requested by Plaintiff. Blackman and Vyushin join personally and have each signed this Motion, as Rule 11(a) requires of a party without counsel.

## III. CONCLUSION

The parties respectfully ask the Court to enter the proposed order (1) approving the Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA, or

alternatively determining that approval is unnecessary and permitting disposition on its terms; (2) holding ECF No. 17, the undertakings in ECF No. 18, and further proceedings on ECF No. 13 in abeyance until the Completion Date or a termination of the Agreement, and vacating the November 25, 2026 deadline reflected at ECF No. 19; (3) setting the individual Defendants' time to respond to the Complaint at thirty days after written notice of any termination; and (4) retaining jurisdiction to enforce the Agreement and providing that, upon notice of the Completion Date, all claims against all Defendants will be dismissed with prejudice on the terms stated above.

Dated: November 2, 2026.

Respectfully submitted,

Joshua Anders
JOSHUA ANDERS
Plaintiff, Pro Se
655 W Irving Park Rd, Apt 2811
Chicago, IL 60613
Email: legal@joshanders.com
Phone: (804) 916-9666

Ryan Blackman
RYAN DANIEL BLACKMAN a/k/a RYAN DANIEL
Defendant, Pro Se
425 Carr 693, Ste 1-348
Dorado, PR 00646
Email: ryan@ehva.ai; ryan.blackman@gmail.com
Phone: (310) 362-3355

VIKTOR VYUSHIN
Defendant, Pro Se
34 N Franklin Ave, Ste 687-1845
Pinedale, WY 82941
Email: viktor@avlanpr.com
Phone: (310) 999-0407

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, the foregoing Joint Motion, with Exhibit 1, the proposed order, and the two waivers of service, was filed with the Clerk of Court by electronic mail to wydnewcase@wyd.uscourts.gov, and that on the same date I served a true and correct copy on Defendants Ryan Daniel Blackman a/k/a Ryan Daniel and Viktor Vyushin by electronic mail to ryan@ehva.ai, ryan.blackman@gmail.com, and viktor@avlanpr.com, with a copy by first-class mail to Mr. Blackman at 425 Carr 693, Ste 1-348, Dorado, PR 00646, and to Mr. Vyushin at 34 N Franklin Ave, Ste 687-1845, Pinedale, WY 82941, the method of service to which each consented in Section 9 of the Agreement, and on Defendant FME Employment LLC, which is in default and has not appeared, by depositing a copy in the United States Mail, first-class postage prepaid, addressed to its registered agent, Registered Agents Inc, 30 N Gould St, Suite R, Sheridan, WY 82801, out of an abundance of caution notwithstanding Fed. R. Civ. P. 5(a)(2).

Joshua Anders
JOSHUA ANDERS
Plaintiff, Pro Se