FILED

UNITED STATES DISTRICT COURT DISTRICT OF WYOMING

12:59 pm, 11/3/26

Margaret Botkins
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

JOSHUA ANDERS,

Plaintiff,

v.

FME EMPLOYMENT LLC, a Wyoming limited liability company; RYAN DANIEL BLACKMAN a/k/a RYAN DANIEL, individually; and VIKTOR VYUSHIN, individually,

Defendants.

Civil Action No.
2:26-cv-00136-KHR

**ORDER APPROVING SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT AND HOLDING PENDING DEADLINES IN ABEYANCE**

THIS MATTER comes before the Court on the Joint Motion for Approval of Settlement Under the Fair Labor Standards Act and to Hold Pending Deadlines in Abeyance filed by Plaintiff Joshua Anders and Defendants Ryan Daniel Blackman a/k/a Ryan Daniel and Viktor Vyushin, with the Settlement Agreement and Release executed October 26, 2026 (the "Agreement") attached as Exhibit 1. The Court, having reviewed the Motion, the Agreement, and the record, FINDS as follows.

1. This action asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, together with claims under Wyoming law. The Complaint alleges unpaid minimum wages and overtime for employment that ended August 12, 2024, and the Defendants dispute, among other things, whether Plaintiff was exempt, the hours he worked, whether the individual Defendants were his employers, and whether any violation was willful. The litigation involves a bona fide dispute over FLSA coverage and liability.

2. Under the Agreement, Plaintiff has received $6,356.08, the full net amount of unpaid wages and separation pay acknowledged in the parties' August 2024 Agreement and Release, paid without condition on October 9, 2026, and has received Additional Consideration of

$4,379.64, paid on October 27, 2026, consisting of interest at the rate prescribed by Wyo. Stat. § 27-4-104(b) and his documented costs of this action. In exchange Plaintiff compromises his claims for overtime and liquidated damages and gives a general release, which is mutual and is supported by the Additional Consideration as separately negotiated consideration. No attorney's fees are paid or sought; Plaintiff appears pro se. Having considered the disputed issues, the amounts recovered in relation to the amounts claimed, the risks of litigation and collection, the arm's-length negotiation of the Agreement between unrepresented adverse parties, and the absence of any confidentiality or other term that would undermine the purposes of the FLSA, the Court finds that the Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

3. Defendant FME Employment LLC executed the Agreement through its member but has not appeared and, as a limited liability company, may appear only through counsel. The Clerk entered its default on May 13, 2026 (ECF No. 13). Nothing in this Order requires FME to appear, and the relief granted as to FME is granted on Plaintiff's request.

IT IS THEREFORE ORDERED that the Joint Motion is GRANTED and the Agreement is APPROVED as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act.

IT IS FURTHER ORDERED that all pending deadlines in this action, including Plaintiff's Motion for Extension of Time to Effect Service of Process (ECF No. 17), the undertakings described in paragraph 7 of Plaintiff's Notice of Mailing (ECF No. 18), and any further proceedings on the Clerk's Entry of Default against Defendant FME Employment LLC (ECF No. 13), are HELD IN ABEYANCE until the Completion Date defined in Section 3 of the Agreement or a termination of the Agreement under its Section 3 or Section 9, and the

November 25, 2026 deadline for a dismissal pleading reflected at ECF No. 19 is VACATED, dismissal to be entered as provided below.

IT IS FURTHER ORDERED that the time for Defendants Ryan Daniel Blackman a/k/a Ryan Daniel and Viktor Vyushin to answer or otherwise respond to the Complaint is EXTENDED to thirty (30) days after written notice of any termination of the Agreement under its Section 3 or Section 9, and that no response is due from either of them while the Agreement remains in effect.

IT IS FURTHER ORDERED that within three (3) business days after the Completion Date the parties shall file a notice that the Completion Date has occurred, and that upon the filing of that notice all claims in this action against all three Defendants will be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2), each party to bear its own attorney's fees and, except as provided in Section 2.2 of the Agreement, its own costs, without further motion.

IT IS FURTHER ORDERED that the Court RETAINS JURISDICTION to enforce the terms of the Agreement, including after dismissal.

IT IS FURTHER ORDERED that if the Agreement is terminated under its Section 3 or Section 9, any party shall promptly file a notice of termination, and the matters held in abeyance will proceed on a schedule to be set by the Court.

Dated this 3rd day of November, 2026.

United States District Judge